UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZERO CLOUD ONE INTELLIGENT TECHNOLOGY (HANGZHOU) CO LTD,<br><br>Plaintiff,<br><br>v.<br><br>FLYING HELIBALL LLC; WORLD TECH TOYS INC.,<br><br>Defendants. | CASE NO. 2:24-cv-01699-JNW<br><br>ORDER REQUESTING SUPPLEMENTAL BRIEFING |

The Court raises this matter on its own accord to address outstanding issues pertaining to the application of the first-to-file rule.

On November 4, 2024, the Court ordered the parties to submit supplemental briefing "regarding the optimal case management approach," including "the application, if any, of the first-to-file rule on this action." Dkt. No. 21 at 20. The Court noted that "Zero Cloud's likelihood of success on the merits hinges largely on whether Flying Heliball and World Tech Toys' patent infringement assertion is in bad faith," which is "linked to the issue of actual infringement, which is currently being litigated in the Central District of California." *Id.* at 20.

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 1

The parties have since responded with supplemental briefing, Dkt. Nos. 27, 29, and Defendants have moved to dismiss. Dkt. No. 28. Defendants argue that the Court should dismiss—or, in the alternative, transfer or stay—this case under the first-to-file rule. Dkt. Nos. 27 at 5-7; 28 at 10-13. Zero Cloud, on the other hand, devotes its supplemental brief almost entirely to the issue of preliminary injunctive relief and provides virtually no analysis of the first-to-file rule. *See* Dkt. No. 29. Zero Cloud "respectfully request[s] an opportunity to brief the first-to-file and other issues before ruling thereon, including briefing on the Court's equitable discretion of whether to apply the first-filed principle in a given circumstance." *Id.* at 2-3.

The first-to-file rule is designed to "serve the purpose of promoting efficiency" and "may be invoked when a complaint involving the same parties and issues has already been filed in another district." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (cleaned up). In applying the rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Courts make exceptions to the first-to-file rule in circumstances of bad faith, anticipatory suit, and forum-shopping. *Alltrade*, 946 F.2d at 628.

Here, there is no dispute over chronology: the infringement suit was filed first. *See* Dkt. No. 1-1 at 185-193. The Court therefore requests supplemental briefing on these questions:

- Given that Zero Cloud is not a party to the infringement suit, how should the Court evaluate the second factor—similarity of the parties?

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 2

- Given that the claims differ across the two suits, how should the Court consider the third factor—similarity of the issues?

- Does this case warrant an equitable exception to the first-to-file rule?

- Defendants argue that "the Central District of California provides an adequate forum with adequate remedies to Plaintiff." *See, e.g.*, Dkt. No. 27 at 3. Can Zero Cloud pursue Washington Patent Troll Prevention Act claims in the Central District of California? Can Zero Cloud pursue its sought-after preliminary injunctive relief in the Central District of California?

The Court ORDERS the parties to submit supplemental briefing, limited to SEVEN (7) pages, addressing these questions. The parties' responses are due by this Friday, November 22, 2024, at 5:00 p.m.

It is so ORDERED.

Dated this 18th day of November, 2024.

Jamal N. Whitehead
United States District Judge