UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZERO CLOUD ONE INTELLIGENT TECHNOLOGY (HANGZHOU) CO LTD,<br><br>Plaintiff,<br><br>v.<br><br>FLYING HELIBALL LLC; WORLD TECH TOYS INC.,<br><br>Defendants. | CASE NO. 2:24-cv-01699-JNW<br><br>ORDER |

## 1. INTRODUCTION

The court raises this matter sua sponte. Plaintiff Zero Cloud One Intelligent Technology (Hangzhoue) Co. Ltd. ("Zero Cloud") seeks a preliminary injunction compelling Defendants Flying Heliball LLC ("Flying Heliball") and World Tech Toys, Inc. ("World Tech Toys") to withdraw and cease all claims of patent infringement to Amazon about Zero Cloud's HOVER Air X1 products. *See* Dkt. Nos. 29, 36. Defendants move to dismiss this action in its entirety because, among other reasons, similar parties and issues are involved in Flying Heliball's first-filed suit in the U.S. District Court for the Central District of California. Dkt. Nos. 27, 28, 34.

ORDER - 1

Having considered the briefing, the record, and the law, the Court STAYS this action and STRIKES all pending deadlines while the Central District of California infringement suit proceeds through the pleading stage. The parties are DIRECTED to inform the Court within SEVEN (7) days of any judicial ruling on the pending motion to dismiss in that case.

## 2. BACKGROUND

This dispute began on March 28, 2024, when Flying Heliball sent a letter to Zero Zero Robotics, Inc. ("Zero Zero") asserting that Zero Zero and its "corporate partners" were infringing on U.S. Patent 7,100,866 ("'866 Patent") by selling the HOVER Air X1 product.[1] Dkt. No. 1-1 at 143-145. On August 21, 2024, Flying Heliball sued Zero Zero in the U.S. District Court for the Central District of California, alleging that the Hover Air X1 infringed the '866 Patent. *Flying Heliball, LLC v. Zero Zero Robotics, Inc.*, No. 8:24-cv-1838 (C.D. Cal.). One week later, Flying Heliball submitted an infringement assertion to Amazon regarding several-dozen HOVER Air X1 listings, leading Amazon to take down those products. *See* Dkt. No. 16-2 at 121, 123. On October 17, 2024, Zero Cloud filed this action against Flying Heliball and World Tech Toys, claiming that Flying Heliball's assertion of patent infringement to Amazon constituted tortious interference with a business expectancy and violated the Washington Patent Troll Prevention Act. Dkt. No. 1.

---

[1] Zero Cloud, which sells the HOVER Air X1 product in the United States via Amazon, identifies as one of the "corporate partners" targeted by the letter. *See* Dkt. No. 1 at 22.

ORDER - 2

Zero Cloud also moved for a temporary restraining order compelling Defendants to withdraw and cease all patent infringement assertions to Amazon. Dkt. No. 7.

On November 4, 2024, the Court denied Zero Cloud's motion for a temporary restraining order and, in the same Order, directed the parties to submit briefing "regarding the optimal case management approach," including "the application, if any, of the first-to-file rule on this action." Dkt. No. 21 at 20. The Court noted that "Zero Cloud's likelihood of success on the merits hinges largely on whether Flying Heliball and World Tech Toys' patent infringement assertion is in bad faith," which is "linked to the issue of actual infringement, which is currently being litigated in the Central District of California." *Id.* at 20. After receiving briefing in response to this Order, Dkt. Nos. 27, 29—plus a motion to dismiss, Dkt. No. 28—the Court instructed the parties to submit additional briefing about the "first-to-file" rule. Dkt. No. 33. The Court has since received the parties' briefing on those issues, *see* Dkt. Nos. 34, 36, and is fully informed.[2]

## 3. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The power extends to stays pending resolution of separate proceedings

---

[2] In the meantime, on November 11, 2024, Zero Zero moved to dismiss Flying Heliball's patent infringement claim in the Central District of California, arguing that Flying Heliball failed to state a plausible claim on which relief may be granted. *Flying Heliball, LLC v. Zero Zero Robotics, Inc.*, No. 8:24-cv-1838, Dkt. No. 27. A hearing on that motion is scheduled for December 16, 2024.

and does not require the issues in such proceedings to determine the action before the Court. *Leyva v. Certified Grocers*, 593 F.2d 857, 863-64 (9th Cir. 1979). Nor does it require that "the parties to the two causes ... be the same and the issues identical." *Landis*, 299 U.S. at 254. The power to stay also includes the power to do so sua sponte. *Doyle v. One W. Bank, N.A.*, 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015). In determining whether a stay is appropriate, the Court must weigh various interests, including: (1) the possible damage to result from granting the stay; (2) the hardship to the parties if the suit proceeds; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The Court addresses each of these three interests in turn.

The Court finds that the first two interests—possible damage from a stay and hardship if the suit proceeds—do not weigh against a stay. Plaintiff asks the Court to *both* grant preliminary injunctive relief *and* stay this action. Dkt. No. 29 at 1. Defendants move to dismiss but clarify that "[t]he Court should stay this case if it is not inclined to dismiss." Dkt. No. 28 at 17. Thus, while the parties' demands differ, both parties signal a shared interest in not having to litigate this action while also litigating overlapping issues in the Central District of California. Therefore, the Court concludes that any hardship resulting from this suit proceeding outweighs any possible damage resulting from a stay.

The Court also finds that the third interest—the orderly course of justice—weighs heavily in favor of a stay. The parties dispute the proper application of the

ORDER - 4

first-to-file rule in this case. *See* Dkt. Nos. 34, 36. But even if Flying Heliball's infringement suit does not involve "similar issues" or "similar parties" to this case—and therefore the first-to-file rule does not apply—both parties still agree that the infringement suit will resolve the issue of infringement, which is crucial for determining Defendants' liability here. Thus, this Court need not make any formal findings on the application of the first-to-file rule to conclude that allowing the Central District of California infringement suit to proceed through the pleading stage will "serve the purpose of promoting efficiency" by preventing duplicative—or, worse, contradictory—findings on the infringement issue. *See Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).

As such, the Court concludes that a discretionary stay of this action is appropriate. In so concluding, the Court declines Zero Cloud's invitation to issue a preliminary injunction alongside the stay. *See* Dkt. No. 29 at 1. While Zero Cloud is correct that courts do sometimes grant preliminary injunctions in patent-related cases without full-blown *Markman* claim construction proceedings, *see* Dkt. No. 29 at 6 (citing cases), the Court finds—for the same reasons articulated in its earlier Order, Dkt. No. 21—that Zero Cloud has not satisfied the high burden for obtaining such an injunction here. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (discussing requirements for mandatory injunction); *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (same). Insofar as the "gist of the alleged harm to Zero Cloud is past and future lost sales," *see* Dkt. No. 21 at 17, Zero Cloud fails to show

irreparable injury.[3] Likewise, this Court will await a finding on the plausibility of Defendants' patent infringement claim in the Central District of California before concluding that Zero Cloud has a high likelihood of success on the merits.

### 4. CONCLUSION

In sum, the Court STAYS this action until Flying Heliball's patent infringement suit, *Flying Heliball, LLC v. Zero Zero Robotics, Inc.*, No. 8:24-cv-1838 (C.D. Cal.), has proceeded through the pleading stage. Accordingly, the Court STRIKES all pending deadlines in this case. The Court DIRECTS the parties to notify the Court within SEVEN (7) days of any judicial ruling on Zero Zero's motion to dismiss in the Central District of California infringement suit.

It is so ORDERED.

Dated this 26th day of November, 2024.

Jamal N. Whitehead
United States District Judge

---

[3] Zero Cloud claims that it "will present [new] irreparable harm evidence, including that both Defendants combined have a total reported Dun & Bradstreet credit worthiness of $7,500" and therefore cannot satisfy a monetary judgment. Dkt. No. 29 at 4-5. But even assuming Zero Cloud will indeed present this evidence—which it has not yet done—it would be unduly speculative for this Court to assume at this juncture that Defendants are judgment-proof.