UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZERO CLOUD ONE INTELLIGENT TECHNOLOGY (HANGZHOU) CO LTD,<br><br>Plaintiff,<br><br>v.<br><br>FLYING HELIBALL LLC; WORLD TECH TOYS INC.,<br><br>Defendants. | CASE NO. 2:24-cv-01699-JNW<br><br>ORDER |

The Court raises this matter sua sponte to address the impact of continued developments in *Flying Heliball, LLC v. Zero Zero Robotics, Inc.*, No. 8:24-cv-1838 (C.D. Cal.) ("California Infringement Suit") on this litigation.

On November 26, 2024, the Court stayed this action in its entirety pending completion of the pleading stage in the California Infringement Suit. *See* Dkt. No. 37 at 6 ("[T]his Court will await a finding on the plausibility of Defendants' patent infringement claim in the Central District of California before concluding that Zero Cloud has a high likelihood of success on the merits [here]."). On March 5, 2025, the parties notified the Court that on February 27, the Central District of California

ORDER - 1

granted in part and denied in part Zero Zero Robotics, Inc.'s ("Zero Zero") motion to dismiss in the California Infringement Suit. Dkt. No. 39; *see* California Infringement Suit, Dkt. No. 67. The Court also takes judicial notice that on March 14, Flying Heliball filed an amended complaint (California Infringement Suit, Dkt. No. 71), which Zero Zero moved to dismiss (California Infringement Suit, Dkt. No. 75); and on April 21, 2025, the Central District of California again granted in part and denied in part the motion to dismiss and granted Flying Heliball further leave to amend its complaint (California Infringement Suit, Dkt. No. 85).

Given that the Central District of California has ruled twice on the plausibility of Flying Heliball's patent-infringement claims, this Court must now determine whether the time has come to lift the stay and, if so, how best to manage this litigation moving forward. As such, the Court ORDERS the Parties, within FOURTEEN (14) days of this Order, to submit responsive briefing articulating the optimal case-management approach for this litigation. The Parties should address (1) the significance of the court's orders in the California Infringement Suit for the claims here; (2) whether the Court should lift the stay; (3) whether the Parties anticipate additional motions for preliminary injunctive relief; and (4) any other feedback, information, or requests regarding next steps in this action, including responsive pleading and case scheduling.

Dated this 24th day of April, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 2